[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11808

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BENJAMIN TILLMAN,
a.k.a. Little Bean,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:96-cr-00058-RV-MD-4

_____

Before WILSON, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Benjamin Tillman, proceeding *pro se*, appeals the district court's denial of his motion to cease the imposition of the $5,000 fine imposed at sentencing. Tillman asserts the district court erred in denying his motion without explanation and that his fine was imposed in violation of the Mandatory Victim Restitution Act of 1996 (MVRA),[1] multiple federal statutes, and the Eighth Amendment. After review,[2] we affirm.

Under the MVRA, for any defendant convicted after April 24, 1996, their liability "to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b).

The MVRA applies to Tillman because he was convicted after April 24, 1996, but he is not entitled to termination of his fine under the MVRA. Because the MVRA allows termination of a fine after the later of 20 years from the judgment or 20 years from release from imprisonment, Tillman's fine would terminate 20 years

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2] We review a district court's findings of fact for clear error and conclusions of law *de novo*. *United States v. Kennedy*, 201 F.3d 1324, 1329 (11th Cir. 2000).

after his release, as that is the later date.  As such, his fine will not terminate until July 2040—20 years from his release.

While Tillman cites to multiple other statutes and to the Eighth Amendment, he fails to cite to any law that would entitle him to terminate or reduce the $5,000 fine imposed against him. Tillman cites to 18 U.S.C. § 3571(d), but this section does not provide grounds for Tillman to move the district court to reduce or terminate his $5,000 fine, as it only provides categories and amounts of fines that district courts may impose.  He also cites to 18 U.S.C. § 3612 and quotes subsection (f)(3), which applies only to interest on fines or restitution and allows district courts to modify the interest on fines.  Tillman does not owe interest on his fine, so this statute does not apply.

Next, Tillman relies on 18 U.S.C. § 3572(c)(1), which provides that a fine may be modified or remitted under section 3573, but section 3573 allows the government to petition for modification or remission of a fine—not the defendant.  18 U.S.C. § 3573. Tillman also cites to 18 U.S.C. § 3572(c)(3), which states that a fine may be appealed and modified under section 3742.  But section 3742 allows for the defendant to appeal the imposition of a fine within a final sentence if that fine was greater than the maximum established in the guideline range.  18 U.S.C. § 3742(a)(3).  According to the PSI, Tillman's maximum fine under the guidelines was $8,000,000, so his $5,000 fine does not exceed the guideline maximum and his reliance on 18 U.S.C. § 3572 is without merit.

Finally, Tillman cites to the Eighth Amendment's prohibition against excessive fines. The Eighth Amendment to the U.S. Constitution prohibits the imposition of excessive fines. U.S. Const. amend. VIII. Under the Eighth Amendment, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). Because the $5,000 fine imposed on Tillman was significantly less than the $25,000 minimum provided in the guideline according to the PSI, Tillman's argument his fine was excessive is without merit. *Id.*

Tillman has failed to show he was entitled to termination or reduction of his $5,000 fine. Accordingly, we affirm.

**AFFIRMED.**